08 CV 4078

Law Offices of George N. Proios, PLLC
Attorneys for Plaintiff
THALASSA MARITIME INC.
1350 Broadway, Suite 1507
New York, New York 10018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THALASSA MARITIME INC.,

           Plaintiff,

    - against -                             **ECF CASE**

ARK SHIPPING COMPANY LIMITED,      08 Civ.

    and                                **VERIFIED COMPLAINT**

ARK RESOURCES CO. LTD.,

           Defendants.
-----------------------------------------------------------X

Plaintiff THALASSA MARITIME INC., ("THALASSA"), by its attorneys, Law Offices of George N. Proios, PLLC, as and for its Verified Complaint against defendants, ARK SHIPPING COMPANY LIMITED, ("ARK SHIPPING"), and ARK RESOURCES CO. LTD., ("ARK RESOURCES"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 USC § 1333. This claim also falls under 28 USC § 1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

    2.    At all material times, Plaintiff THALASSA was and still is a corporation organized and existing under the laws of The Marshall Islands, and was the owner of the

M/V PANAMAX ANNA, ("the Vessel").

3. Upon information and belief, Defendants ARK SHIPPING and ARK RESOURCES constitute one company or two companies organized and existing under the laws of South Korea, each with the same business address at 8th Floor, Han Young Building, 57 – 9 Seosomun - Dong, Chung-Gu, Seoul, Republic of Korea.

4. By a time charter on the New York Produce Exchange 1946 form, amended and incorporating additional terms, dated 18 January 2007, (the "Charterparty"), Plaintiff THALASSA chartered the Vessel to Defendant ARK SHIPPING.

5. A dispute arose among the parties whereby Plaintiff THALASSA claimed US $ 58,810.76 together with interest and costs. Defendant ARK SHIPPING denied liability.

6. Clause 68 of the Charterparty provided for English law to govern the contract and for any disputes arising there under to be referred to arbitration in London.

7. The parties commenced arbitration proceedings in London. Plaintiff THALASSA appointed Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire. Defendant ARK SHIPPING appointed Anthony Scott of Creek House, 39 The Lane, West Mersea, Essex. Since Mr. Oakley and Mr. Scott were unable to agree on all matters of the dispute they appointed Timothy Rayment of 47 Castelnau, Londeon as third arbitrator.

8. The three arbitrators issued a Final Arbitration Award (the "Award") in February, 2008 finding that THALASSA's claim succeeds in full and directing that:

> a) ARK SHIPPING shall pay THALASSA the sum of US $ 58,810.76 together with interest at the rate of 7.5% per annum

compounded at three month rests from 15 March 2007 until the date of payment;

b) ARK SHIPPING shall bear their own and THALASSA's recoverable costs which, unless agreed shall, in THALASSA's option, be assessed by the English High Court or by the arbitrators in an Award of Costs;

c) ARK SHIPPING shall also bear the costs of the Award in the sum of £ 5,395; and

d) ARK RESOURCES shall also pay interest on THALASSA's recoverable costs and on any sum paid by THALASSA in respect of the costs of the Award.

9. The damages and amounts due Plaintiff THALASSA, as nearly as can be estimated are as follows:

| | | | |
|---|---|---|---|
| a. | on the principal claim | US $ | 58,810.76 |
| b | interest on the claim at 7.5% from 15 March 2007 to 15 March 2010 | US $ | 81,263.51 |
| c. | THALASSA's costs | US $ | 66,982.00 |
| d. | cost of the Award | US $ | 10,790.00 |
| e. | interest on costs at 7.5% from 1 March 2008 to 1 March 2010 | US $ | 52,478.91 |
| | TOTAL | US$ | 270,235.18 |

10. The total sum of Plaintiff THALASSA's damages, as nearly as can be estimated, is US $ 270,235.18.

11. Defendant ARK RESOURCES, from time to time, made a number of substantial payments to Plaintiff THALASSA to satisfy Defendant ARK SHIPPING's

debts and obligations under the Charterparty.

12. Upon information and belief, such payments were made to Plaintiff THALASSA even though Defendant ARK RESOURCES was under no obligation to Plaintiff THALASSA under the Charterpparty.

13. Upon information and belief, Defendant ARK RESOURCES is an alter ego of Defendant ARK SHIPPING in that Defendant ARK RESOURCES was and is so controlled and manipulated that it was and is a mere instrumentality of Defendant ARK SHIPPING. Alternatively, Defendant ARK RESOURCES is a paying agent of Defendant ARK SHIPPING in that Defendant ARK RESOURCES has since the inception of the Charterparty made payments on obligations of Defendant ARK SHIPPING, including payments made in and through the New York banking system, for the sole purpose of shielding such assets from Defendant ARK SHIPPING's creditors, including Plaintiff THALASSA.

14. Any assets, credits or funds used by Defendant ARK RESOURCES to effect payments upon debts of Defendant ARK RESOURCES constitute assets, credits or funds of Defendant ARK SHIPPING.

15. This action is brought to obtain jurisdiction over Defendants ARK SHIPPING and ARK RESOURCES, security in favor of Plaintiff THALASSA in respect to its claims against Defendants ARK SHIPPING and ARK RESOURCES and in aid of the London arbitration proceedings.

16. This action is further brought to obtain security for additional sums which are recoverable under English law as part of Plaintiff THALASSA's claims, including anticipated attorneys' fees, arbitrators' fees, arbitration costs and interest.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff THALASSA repeats and re-alleges the allegations contained in Paragraphs 1 through 16 of the Verified Complaint and incorporates them as if set forth at length herein.

18. Upon information and belief, Defendants ARK SHIPPING and ARK RESOURCES cannot be found within the District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but have tangible and intangible property within the District, including but not limited to accounts and credits at various banks and garnishees.

## AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff THALASSA repeats and re-alleges the allegations contained in Paragraphs 1 through 18 of the Verified Complaint and incorporates them as if set forth at length herein.

20. Pursuant to 9 USC § 1 *et seq.* and 9 USC § 201 *et seq.*, Plaintiff THALASSA seeks confirmation of the Award and any other subsequent awards issued into a final, valid, and enforceable judgment of this Honorable Court.

WHEREFORE, Plaintiff THALASSA prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against Defendants ARK SHIPPING and ARK RESOURCES, citing the Defendants to appear and answer under oath all and singular the matters alleged;

b. since Defendants ARK SHIPPING and ARK RESOURCES cannot be

found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to Plaintiff THALASSA, in the amount of $270,235.18 to secure Plaintiff THALASSA's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c. this Court retain jurisdiction over this matter to confirm the Award and any subsequent awards issued, pursuant to 9 USC § 1 *et seq.* and 9 USC § 201 *et seq.*, and enter a final, valid, and enforceable judgment; and

d. Plaintiff THALASSA have such other, further, and different relief as this Court may deem just and proper.

Dated: New York, New York
May 1, 2008

                                 Law Offices of George N. Proios, PLLC
                                 Attorneys for Plaintiff
                                 THALASSA MARITIME INC.

By: _____
      George N. Proios (GP-9331)
      1350 Broadway, Suite 1507
      New York, New York 10018
      (212) 279-8880

## **VERIFICATION**

I am an attorney with the Law Offices of George N. Proios, PLLC, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2008

George N. Proios (GP-9331)
Law Offices of George N. Proios, PLLC
Attorneys for Plaintiff
THALASSA MARITIME INC.
1350 Broadway, Suite 1507
New York, New York 10018-7702
(212) 279-8880